UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DOWNYELL, J., | ) | Case No. 2:20-cv-07312-SP |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| KILOLO KIJAZAKI, Acting Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

**I.**

**<u>INTRODUCTION</u>**

On August 13, 2020, plaintiff Downyell J. filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of supplemental security income ("SSI"). The parties have fully briefed the issue in dispute, and the court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one disputed issue for decision, whether the residual functional capacity ("RFC") determination was supported by substantial evidence.

1

Memorandum in Support of Plaintiff's Complaint ("P. Mem.") at 2; *see* Defendant's Memorandum in Support of Answer ("D. Mem.") at 3.

Having carefully studied the parties' memoranda, the Administrative Record ("AR"), and the decision of the administrative law judge ("ALJ"), the court concludes substantial evidence supported the ALJ's RFC determination, and a misstatement of the evidence by the ALJ was harmless. Consequently, the court affirms the decision of the Commissioner denying benefits.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was 30 years old on his alleged disability onset date, and appears to have attended at least some high school. AR at 45, 96. Plaintiff has past relevant work as a labeler. AR at 54.

On March 22, 2017, plaintiff filed an application for SSI, alleging a disability onset date of December 1, 2007. AR at 96. Plaintiff claimed he suffered from severe back problems, leg pain, shoulder pain, lower back pain, neck pain, seizures, and an irregular heart beat. AR at 96. The Commissioner denied plaintiff's application, after which he requested a hearing.[1] AR at 115, 125.

On September 10, 2019, plaintiff, represented by counsel, appeared and testified at the hearing. AR at 40-53. Kentrell Pittman, a vocational expert, also testified. AR at 53-58. On October 8, 2019, the ALJ issued a decision denying plaintiff's claim for benefits. AR 15-32.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since March 22, 2017, his application date. AR at 18.

---

[1]  Plaintiff also filed an application for disability insurance benefits on March 22, 2017, which was also denied, but plaintiff thereafter pursued only his SSI claim. *See* AR at 77, 125, 150.

At step two, the ALJ determined plaintiff had the following severe impairments: seizure disorder; degenerative disc disease of the lumbar and thoracic spine with stable compression fractures; and a mental impairment variously diagnosed to include schizoaffective disorder, psychotic disorder, major depression with psychotic features, and post-traumatic stress disorder. *Id.*

At step three, the ALJ found plaintiff's impairments did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1. *Id.*

The ALJ then assessed plaintiff's RFC,[2] and determined he had the RFC to perform light work with the following limitations: climbing of ramps and stairs must be limited to occasionally, while the climbing of ladders, ropes, or scaffolds must never be required; balancing, stooping (bending at the waist), kneeling, crouching (bending at the knees), and crawling must be limited to occasionally; noise must be limited to no greater than moderate level, such as the level of noise associated with a normal office setting; within the assigned work area there must be less than occasional (seldom to rare) exposure to fumes, odors, dust, gases, poor ventilation, and hazards such as machinery and heights; assigned work must be limited to simple, unskilled tasks with a specific vocational profile of one or two, learned in 30 days or less or by a brief demonstration, and with minimal change in the tasks assigned; tasks must be performed primarily independently with no more than occasional, brief, intermittent work related contact with co-workers and supervisors, and no contact with the public. AR at 21.

---

[2] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

1  The ALJ found, at step four, that plaintiff was capable of performing his past
2  relevant work of a labeler. AR at 29.
3  At step five, the ALJ alternatively found plaintiff could perform other jobs
4  that existed in significant numbers in the national economy such as marker, mail
5  clerk, and router. AR at 30-31. The ALJ additionally found plaintiff could
6  perform the jobs of addresser, charge account clerk, and document preparer if
7  plaintiff's RFC exertional level were changed from light to sedentary with the
8  same other limitations. AR at 31. Consequently, the ALJ concluded plaintiff did
9  not suffer from a disability as defined by the Social Security Act. AR at 31-32.
10 Plaintiff filed a timely request for review of the ALJ's decision, which was
11 denied by the Appeals Council. AR at 1-3. The ALJ's decision stands as the final
12 decision of the Commissioner.

## III.

## STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276

F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

Plaintiff argues the ALJ's RFC determination that plaintiff could perform light work with various limitations, including limiting plaintiff to only occasional postural activities, was erroneous because it failed to adequately address the evidence regarding plaintiff's use of an assistive device. P. Mem. at 4-5. Specifically, plaintiff contends the ALJ failed to properly consider plaintiff's medical records showing he used a cane, and his own testimony indicating his doctor prescribed him a walker. *Id*.

A claimant's RFC is what one can "still do despite [his or her] limitations." 20 C.F.R. § 416.945(a)(1)-(2). The ALJ reaches an RFC determination by reviewing and considering all of the relevant evidence, including non-severe impairments. *Id*. It is an administrative finding, not a medical opinion. 20 C.F.R. § 404.1527(d)(1). The RFC takes into account both exertional limitations and non-exertional limitations. The RFC assessment must contain "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily

activities, observations)." *See* Social Security Ruling ("SSR") 96-8P. The ALJ must also explain how he or she resolved material inconsistencies or ambiguities in the record. *Id*.

      Plaintiff argues the ALJ's RFC determination was erroneous because it failed to adequately address the evidence regarding plaintiff's use of a cane. P. Mem. at 4-5. In pertinent part, the ALJ determined plaintiff had the RFC to perform light work, but limited to only occasional climbing of ramps and stairs, and no climbing of ladders, ropes, or scaffolds. AR at 21. In reaching this determination, the ALJ discussed plaintiff's medical records, prior disability reports, and plaintiff's own testimony. *See* AR at 21-23. The ALJ determined the objective physical examinations found greater functional capacity than alleged. AR at 23. The ALJ noted plaintiff was observed using a cane during an examination in July 2018, and "was observed using one by multiple sources throughout the period at issue." *Id*. But the ALJ also found there was no evidence a doctor prescribed plaintiff a walker, and minimal evidence he was prescribed a cane as a medical necessity. *Id*. The ALJ noted plaintiff testified that his treating physician Dr. John Uyanne prescribed him a walker, but in completing a physical RFC questionnaire in September 2019, Dr. Uyanne noted plaintiff needed a cane to walk but did not mention a walker. *Id*. at 23 n.3; *see* AR at 50, 876.

      Plaintiff cites the opinion of consultative examiner Dr. James Lin that plaintiff "has to use a cane for ambulation." *See* AR at 565. Plaintiff also cites Dr. Uyanne's observation that plaintiff needed a cane to walk. *See* AR at 876. Plaintiff argues the ALJ did not explain why she did not include the use of the cane in the RFC determination, and inaccurately concluded there was "no evidence the doctor actually recommended or prescribed the use of the cane." *See* AR at 25. Additionally, according to plaintiff, the ALJ failed to consider plaintiff's own testimony that his treating physician prescribed him a walker. *See* AR at 50.

Plaintiff also contends the ALJ's findings were contradictory, since the ALJ first said there was only "minimal evidence" plaintiff was prescribed a cane, and later found there was "no evidence" a doctor recommended or prescribed a cane. *See* AR at 23, 25. In short, plaintiff argues "it is more than reasonable to assert that medical professionals concur an assistive device is medically indicated." P. Mem. at 6.

The use of a hand-held assistive device such as a cane is a functional limitation only if it is medically required. *See* SSR 96-9p; *Quintero v. Colvin*, 2014 WL 4968269, at *10 (E.D. Cal. Sept. 29, 2014) ("The use of a cane or other 'hand-held assistive device' is probative of a claimant's functional limitations only if it is medically required."). The evidence in the record here does not satisfy plaintiff's burden of showing an assistive device was medically required. Plaintiff points to his own testimony regarding Dr. Uyanne's prescription of a walker, and argues the ALJ disregarded this. In fact, as noted, the ALJ discussed this testimony (*see* AR at 23 n.3), but this testimony is not enough by itself to show medical necessity. *See Schluter v. Berryhill*, No. 2020 WL 1557773, at *5 (D. Ariz. Mar. 10, 2020) (plaintiff's own testimony coupled with physician referencing plaintiff's use of a cane insufficient to indicate cane was medically necessary).

"To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p. None of the evidence plaintiff cites describes the circumstances in which plaintiff needs a walker or cane. Dr. Lin stated only that plaintiff "has to use a cane for ambulation" (AR at 565), but it did not indicate duration, distance, terrain, or any other relevant information. This evidence does not satisfy SSR 96-9p. *See Sou v. Saul*, 799 Fed. Appx. 563,

564-65 (9th Cir. 2020) (holding claimant failed to show a cane was medically required where the evidence "did not describe the circumstances for which a cane was needed").

      Similarly, Dr. Uyanne's statement in the September 2019 RFC questionnaire that plaintiff's "difficulty with mobility necessitat[es] the use of a cane" (AR at 876) is also insufficient. *See Dean N. v. Saul*, 2020 WL 430962, at *2 (C.D. Cal. Jan. 28, 2020) (physician's statement claimant "needs the cane for ambulation" was insufficient); *Quintero v. Colvin*, 2014 WL 4968269, at *10 (E.D. Cal. Sept. 29, 2014) ("Mentioning the use of a cane [in physicians' notes] neither established plaintiff needed the cane to balance or walk, nor described the circumstances for which the cane would be needed."). While Dr. Uyanne noted the use of a cane in his RFC questionnaire, plaintiff cites to nothing in Dr. Uyanne's treatment records indicating he ever actually prescribed the use of a walker or a cane.

      The court's review of the record, however, revealed a single, December 13, 2016 treatment note in which Dr. Uyanne stated he would prescribe plaintiff a walker given his mobility impairment. *See* AR at 397. Given that subsequent treatment notes by Dr. Uyanne only reflect use of a cane by plaintiff, with no reference to it being prescribed (*see* AR at 612, 627, 636, 645), and given that by the time of the September 2019 questionnaire Dr. Uyanne was no longer recommending a walker, it is unclear how long the walker prescription remained in effect. Moreover, although the record contains one reference to a walker prescription, even there, there is still no indication of the circumstances in which plaintiff would need to use the walker. *See Hughes v. Berryhill*, 2017 WL 4854112, at *14-15 (S.D. W. Va. Oct. 4, 2017) (device was not medically required where record contained prescription but no explanatory information describing when device was needed); *see also Dean N. v. Saul*, 2020 WL 430962, at *2 (C.D. Cal. Jan. 28, 2020) ("Plaintiff was required to establish both need and the specific

circumstance in which he needs the cane before the ALJ could include the usage of a cane in his RFC.").

Plaintiff's testimony does not shed light on the frequency of his use of a walker or the circumstances for which he uses a walker. At the administrative hearing, the ALJ acknowledged plaintiff was using a cane, but plaintiff did not elaborate on whether he uses the cane for all ambulation, only prolonged ambulation, walking on uneven surfaces, or ascending and descending stairs or slopes – information necessary to determine medical necessity. *See* AR at 50.

As noted, the ALJ recognized plaintiff was repeatedly observed using a cane, but plaintiff's mere use of a cane is insufficient to show medical necessity. Medical notes or observations regarding the use of a cane do not amount to medical necessity. *See Cashin v. Astrue*, No., 2010 WL 749884, at *11 (C.D. Cal. Feb. 24, 2010) (doctor's observation of claimant's use of cane during examination not "an objective finding . . .[the] cane was medically required"); *Flores v. Colvin*, 2016 WL 2743228, at *14 (E.D. Cal. May 11, 2016) (mentions of claimant's cane traceable to his own self-reports and to his medical source's observations insufficient to demonstrate a medical need for a cane). Again, without a physician "describing the circumstances for which [the cane] is needed," the ALJ could not find the cane medically necessary. SSR 96-9p.

In short, contrary to plaintiff's contention, the ALJ did consider plaintiff's own testimony and the evidence in the record regarding plaintiff's use of a cane. Because the evidence in the record fails to demonstrate the cane was medically necessary, the ALJ was not required to account for plaintiff's use of a cane in her RFC determination. Nonetheless, the ALJ statement that there was "no evidence" to support plaintiff's claim he was prescribed a walker was erroneous. The question is whether this error warrants reversal.

An ALJ's error is harmless where such error is inconsequential to the

ultimate non-disability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless."). Given the lack of evidence that a cane was a medical necessity, and given that the ALJ recognized the abundant evidence in the record that plaintiff used a cane, it would be a reach to suppose the ALJ would have formulated a different RFC had she known Dr. Uyanne prescribed a walker for plaintiff in December 2016.

But even assuming plaintiff's RFC had included use of a cane in some fashion, it would not have changed the outcome here. The record only references use of a cane while ambulating, and plaintiff did not indicate whether he also uses a cane for balancing while standing. If an individual needs a cane for balance – and again, there is no indication of that here – that could affect the available jobs in some cases. *See* SSR 96-9p ("the occupational base for an individual who must use such a device for balance because of significant involvement of both lower extremities (e.g., because of a neurological impairment) may be significantly eroded."). But even if plaintiff here needed a cane for balance, plaintiff could still do much of the work the ALJ found he could do. The ALJ found plaintiff could perform his past relevant work as a labeler (AR at 30), which plaintiff performed primarily while sitting. *See* AR at 253. Moreover, the ALJ further concluded plaintiff could perform the jobs of addresser, charge account clerk, and document preparer if plaintiff's RFC exertional level were changed from light to sedentary. AR at 31; *see Leach v. Astrue* 2010 WL 2650696, at *9 (E.D. Cal. July 1, 2010) ("Even when medically required, the use of a cane does not rule out the ability to perform sedentary work") (citation omitted). As such, even with use of a cane in his RFC, plaintiff still would have been found not disabled.

In sum, while the ALJ plainly considered relevant evidence in her RFC

determination pertaining to plaintiff's use of a cane, she did incorrectly find there was no evidence plaintiff was prescribed a walker, when in fact there was. Such error was harmless because there still was no evidence that plaintiff's use of a cane was a medical necessity, and because even with the use of a cane plaintiff could still perform his past relevant work and other jobs that exist in significant numbers.

## V.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.

DATED: March 31, 2022

_____
SHERI PYM
United States Magistrate Judge